UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Underwriters<br>Insurance Company a/s/o<br>Sophia Papadatos & Abdo Alkaifi<br>1190 Devon Park Dr.<br>Wayne PA 19087<br>　　　　　　　　　Plaintiff<br>vs.<br><br>Onyx CM Group Inc.<br>505 Lincoln St.<br>Cedarhurst, NY 11516;<br><br>Sasson Bezalel<br>505 Lincoln St.<br>Cedarhurst, NY 11516;<br><br>and<br><br>John Does I-IV<br>　　　　　　　　　Defendants. | CIVIL ACTION NO.: |

## COMPLAINT

COMES NOW the Plaintiff, U.S. Underwriters Insurance Company ("USUIC") as subrogee of Sophia Papadatos and Abdo Alkaifi ("insureds"), by and through undersigned counsel and brings this civil action against Onyx CM Group, Inc. ("Onyx"); Sasson Bezalel ("Bezalel"); and John Does I-IV, for its causes of action states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff USUIC is a North Dakota domestic insurance company, with a principal place of business at the above captioned address.

2. Defendant Onyx is a New York domestic corporation, with a principal place of business at the above captioned address.

3. Defendant Bezalel is an adult individual and a resident/citizen of the State of New York with a business address at the above captioned address.

4. At all times relevant hereto, USUIC was approved to issue policies for real property casualty insurance within the State of New York.

5. At all times relevant hereto, USUIC insured a property owned by its insureds located at 2502 Bayswater Ave. Far Rockaway NY 11691 ("subject property").

6. On or about October 22, 2020, the subject property suffered a fire loss.

7. An investigation into the cause of the fire loss was initiated by USUIC and during that investigation, it was determined that the fire was caused by the spontaneous combustion of construction material/waste, which was improperly stored by at the subject property by the defendants.

8. At all times relevant hereto, Defendant Onyx was the "general contractor" for the renovation of the subject property.

9. At all times relevant hereto, Defendant Bezalel was the sole owner and shareholder of Defendant Onyx.

10. It is believed and therefore averred that Defendant Bezalel undercapitalized Onyx; failed to procure liability insurance for the same; used Defendant Onyx as his alter ego and/or agent to conduct business in his individual capacity; and is therefore liable/vicariously liable for Defendant Onyx's actions/inactions.

11. At all times relevant hereto, the aforementioned Defendants were acting by and through their employees, agents and/or assigns and were directly responsible for the supervision of those individuals and/or are vicariously liable for their acts/omissions.

12. At all times relevant hereto, John Does I-IV are unknown individuals who worked with, through or under the named defendants and are believed, and therefore averred, to also be New York residents/citizens.

13. At all times relevant hereto, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (Diversity of Citizenship).

14. Additionally, the amount in controversy, as noted below, exceeds the Courts jurisdictional floor and the underlying event that gives rise to this action occurred within the jurisdiction of this court.

## STATEMENT OF FACTS

15. As noted above, on or about October 22, 2020, a fire broke out at the subject property and caused significant damage to the building and contents within said property.

16. As a result of the fire, USUIC's insureds submitted an insurance claim to Plaintiff USUIC.

17. As a result of that claim, Plaintiff USUIC paid to, or on behalf of, its insureds an amount equal to or above $358,559.37.

18. On information and belief, the fire and the resultant damages were proximately caused by the defendants' negligent storage of construction materials/waste, which allowed the same to spontaneously combust.

19. Under the doctrine of subrogation and pursuant to underlying insurance policy at issue herein, Plaintiff USUIC is subrogated to the claims of its insured against the defendants named here.

## COUNT I
(vs. all defendants)
*Negligence*

20. Paragraphs 1 – 19 are incorporated by reference here.

21. Defendants owed a duty of care to plaintiff's insured and all others potentially affected by their failure to exercise reasonable care.

22. Defendant negligently, carelessly and/or recklessly breached its duty of care in the following non-exclusive particulars:

    a. Using incorrect or unsafe materials in the construction/rehabilitation of the subject property;

    b. Failing to properly secure hazardous material;

    c. Failing to ensure combustible materials were stored properly so that the risk of spontaneous combustion was low;

    d. Failing to properly use air-tight containers to lower the risk of spontaneous combustion;

    e. Failing to properly supervise their agents, subcontractors and/or employees;

    f. Failing to hire competent and knowledgeable agents, subcontractors and/or employees; and

    g. Such other acts or omissions constituting carelessness, negligence, gross negligence, wantonness and reckless disregard of safety as may appear during the course of discovery procedures or which may be adduced at trial of this case.

23. These breaches of duty were the direct and proximate causes of the fire that occurred on October 22, 2020, and, by extension, the damages sought for here by Plaintiff USUIC.

24. The defendants' actions were the sole cause of the fire, as no other entities or individuals (other than the defendants herein named, including the John Doe Defendants), touched, moved, altered or otherwise the construction materials/waste at issue.

25. Pursuant to its right of subrogation as set forth above, to the extent of its payment to its insured, USUIC has sustained damages and is subrogated to all the rights of its insureds against the defendants.

WHEREFORE, Plaintiff USUIC demands judgment in its favor against the defendant in an amount equal to or above $358,559.37 plus interests, costs and such other and further relief this Court deems proper.

## COUNT II
(vs. Bezalel)
*Vicarious Liability*

26. Paragraphs 1 – 25 are incorporated by reference here.

27. It is believed and therefore averred that, at all times relevant hereto, Defendant Bezalel, was the sole stockholder/owner of Defendant Onyx.

28. Further, it is believed and therefore averred that, Defendant Bezalel used Defendant Onyx as his agent to conduct business in a personal capacity or, alternatively, as his alter ego.

29. Moreover, it is believed and therefore averred that, Defendant Bezalel undercapitalized and failed to secure insurance for Defendant Onyx.

30. As such, Defendant Bezalel should be held vicariously liable for the actions/inactions/omissions/breaches of Defendant Onyx; said actions being spelled out above and below in Count I and Count III and referenced here as though the same were more fully set forth at length herein.

WHEREFORE, Plaintiff USUIC demands judgment in its favor against the defendant in an amount equal to or above $358,559.37 plus interests, costs and such other and further relief this Court deems proper.

## COUNT I
(vs. all defendants)
*Breach of Contract*

31. Paragraphs 1-30 are incorporated by reference here.

32. Defendants and plaintiff's insureds entered into a contract to rehabilitate and remodel the subject property on or about August 30, 2020. See Exhibit "A".

33. Defendants breached said contract in the non-exclusive ways set forth in paragraph 22 (a-g).

34. Defendant further breached the contract, paragraph 6.6 of Exhibit "A", by failing to "keep the Property free from accumulations of waste materials, rubbish and other debris resulting from the Work".

35. As these breaches were the direct and proximate causes of the fire that occurred on October 22, 2020, and, by extension, the damages sought for here by Plaintiff USUIC, USUIC has the right of subrogation, to the extent of its payment to its insured, against the defendants.

WHEREFORE, Plaintiff USUIC demands judgment in its favor against the defendant in an amount equal to or above $358,559.37 plus interests, costs and such other and further relief this Court deems proper.

## Jury Demand

Plaintiff demands a jury trial on all issues triable of right to a jury of twelve.

Respectfully submitted,

The Plaintiff,
**U.S. Underwriters**
**INSURANCE COMPANY,**

By Its Attorneys,

/s/     *Will Sylianteng*
Guillermo (Will) Sylianteng
WES Litigation Group LLC
196 W. Ashland St.
Doylestown, PA 18901
(267)884-0725
wes@weslitigation.com